UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JAIME LEE GELB
25 South Timber Rd.
Holland, PA 18966

    Plaintiff,

v.

MEDIMEDIA USA, INC.
780 Township Rd.
Yardley, PA 19067

    Defendant.

Civil Action No. 2:13-cv-05922

**JOINT DISCOVERY PLAN**

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

**Manali Arora, Esq.**
**Swartz Swidler, LLC**
**1878 Marlton Pike East**
**Society Hill Office Park, Suite 10**
**Cherry Hill, New Jersey 08003**
**(856) 685-7420**
**(856) 685-7417 (fax)**
**Email: marora@swartz-legal.com**
**Attorneys for Plaintiff**
**Jaime Lee Gelb**

John F. Tratnyek, Esq.
Email: tratnyekj@jacksonlewis.com
Jackson Lewis LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960-6834
(973) 538-6890
(973) 540-9015 (fax)
John M. Nolan, Esq.
Email: nolanj@jacksonlewis.com
Jackson Lewis P.C.
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102-1317
(267) 319-7802
Attorneys for Defendant
MediMedia USA, Inc.

2. Set forth a brief description of the case, including the causes of action and affirmative defenses asserted.

  Plaintiff filed a twelve count complaint with the United States District Court for the Eastern District of Pennsylvania alleging: (1) violation of the FMLA (interference); (2) violation of the FMLA (retaliation); (3) violation of the ADA (disability discrimination; (4) violation of the ADA (failure to accommodate); (5) violation of the ADA (retaliation); (6) violation of the PHRA (disability discrimination); (7) violation of the PHRA (failure to accommodate); (8) violation of the PHRA (retaliation); (9) violation of the Title VII (sexual

1

harassment/hostile work environment); (10) violation of Title VII (retaliation); (11) violation of the PHRA (sexual harassment/hostile work environment); and (12) violation of the PHRA (retaliation).

        Defendant denies Plaintiff's claims in their entirety.  Plaintiff's claims of sexual harassment hostile work environment and disability discrimination, retaliatory discharge under, Title VII of the Civil Rights Act, Pennsylvania Human Relations Act, and the Americans with Disabilities Act, and the Family Medical Leave Act are entirely without merit.  Specifically, Plaintiff was terminated for legitimate business reasons.

3.    Has this action been: Settled: **NO**   Discontinued: **NO**

        If so, has there been a Stipulation/Dismissal filed? **N/A**

        Yes____     No____

4.    Have settlement discussions taken place?   Yes **X**   No _____

        If so, when? **February 7, 2014**

        (a) What was plaintiff's last demand?
           (1) Monetary demand:   **$50,000**
           (2) Non-monetary demand:   **N/A**

        (b) What was Defendant's last offer?
           (1) Monetary offer:   **$15,00**
           (2) Non-monetary offer:   **N/A**

5.    The parties [have ____ have not **X** ] exchanged the information required by Fed. R. Civ. P. 26(a)(1).  If not, state the reason therefore.

**Plaintiff and Defendant will serve their initial disclosures by February 13, 2014.**

6.    Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).

**None anticipated at this time.**

7.    The parties [have ____ have not **X** ] conducted discovery other than the above disclosures.  If so, describe.

8.    The parties [have **X** have not ____ ] met pursuant to Fed. R. Civ. P. 26(f):

        (a) If not, state the reason therefore.

        (b) If so, state the date of the meeting and the persons in attendance.

        **A proposed joint discovery plan was circulated and the parties**

**conferred on February 7, 2014.**

9. The following is **X** is not ___ a proposed joint discovery plan.

   (a) Discovery is needed on the following subjects:

   **(1) The factual and legal basis for Plaintiff's allegations;**

   **(2) Plaintiff's claims for damages;**

   **(3) Plaintiff's efforts to mitigate damages; and**

   **(4) Defendant's defenses to Plaintiff's claims.**

   **(5) (a) As to electronically stored information, hard copies of electronically-stored information shall be produced. If this is not sufficient or cost effective, the parties will produce the information on CD-Rom format, depending on the information requested.**

   **(b) Plaintiff will preserve, and not destroy, discard, or alter, any home or personal computers or other devices which may store electronic information (pagers, cell phones, PDAs, etc.).**

   **(c) Any and all discovery of electronically stored information shall be limited to reasonably accessible sources as defined in Fed. R. Civ. P. 26(b)(2)(B).**

   (b) Discovery should ___ should not **X** be conducted in phases or be limited to particular issues. Explain.

   (c) Maximum of **25** Interrogatories by each party to each other party.

   (d) Maximum of **10** depositions to be taken by each party.

   (e) Plaintiff's expert report due on **July 10, 2014.**

   (f) Defendant's expert report due on **August 10, 2014.**

   (g) Motions to amend or to add parties to be filed only with prior leave of Court by **March 1, 2014.**

   (h) Dispositive motions to be served within **30** days of completion of discovery.

   (i) Factu al discovery to be completed by **June 13, 2014.**

   (j) Expert discover y to be completed by **August 13, 2014.**

      (k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

      (l) A pretrial conference may take place on:

**To be determined by the Court following the resolution of any dispositive motions.**

      (m) Trial date: **To be determined by the Court.**

10. Do you anticipate any discovery problem(s)? Yes __ No **X**

    If so, explain.

11. Do you anticipate any special discovery needs (i.e. videotape/telephone depositions, problems with out of state witnesses or documents, etc.)? Yes___ No **X**

    If so, please explain.

12. State whether this case is appropriate for voluntary arbitration (pursuant to Rule Local Civil Rule 201.1 or otherwise), mediation (pursuant to Local Civil Rule 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.)

**The parties do not believe arbitration will be appropriate in this matter. Mediation may be appropriate following the exchange of initial written discovery.**

13. Is this case appropriate for bifurcation?  Yes __ No **X**

14. An interim status settlement conference (with clients in attendance), should be held on **a date to be determined by the Court.**

15. We [do ___ - do not **X** ] consent to this trial being conducted by a Magistrate Judge.

By: s/ *Manali Arora*
    Manali Arora, Esq.
    Swartz Swidler, LLC
    1878 Marlton Pike East
    Society Hill Office Park, Suite 10
    Cherry Hill, New Jersey 08003
    Attorneys for Plaintiff
    Jaime Lee Gelb

By: s/ *John F. Tratnyek*
    John F. Tratnyek, Esq.
    Jackson Lewis P.C.
    220 Headquarters Plaza
    East Tower, 7th Floor
    Morristown, New Jersey 07960-6834
    Attorneys for Defendant
    MediMedia USA, Inc.

Pleadings - Joint Discovery Plan.doc
4832-9729-0776, v. 1